## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**JOSEPH JEROME ROSS**                                              **CIVIL ACTION**

**VERSUS**                                                                      **NO.97-2978**

**CM, LENSING, WARDEN**                                        **SECTION "K" (6)**

<u>**ORDER**</u>

Before the Court is petitioner's Motion for Prior Jail Credits In Compliance With LSA-C.Cr.P. Art. 880 (Rec. Doc. 35 ) and petitioner's Application For Writ of Mandamus (Rec. Doc. 37).

<u>**BACKGROUND AND ANALYSIS**</u>

Petitioner is requesting relief  regarding the calculation of his sentence and seeking credit for time served following his conviction of misdemeanor theft on 3/26/04.  As the Court pointed out in its Minute Entry dated February 22, 2005, petitioner's motion relates to events occurring **after** his initial habeas petition was filed in this Court on 9/19/1997.  Furthermore, petitioner's initial habeas petition has been resolved.

Petitioner's Motion for Prior Jail Credits is not properly before this Court, as it involves a new claim.  The facts underlying this particular motion arose after the initial habeas motion was

1

filed; thus, this petitioner's request must be construed as a new claim.  *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.2000) wherein the Court stated:

> We have, however, held that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain,* 137 F.3d at 235.  Rather, a subsequent motion is "second or successive" when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.*

Because petitioner raises a claim challenging his sentence that could not have been raised in an earlier petition, petitioner's motion is not a "second or successive" claim under 28 U.S.C. § 2244.

Therefore, the Court denies' petitioners request because it has not been properly brought before this Court.  In order for this Court to review petitioner's claim regarding any credit he may have for time already served, the petitioner **MUST** first exhaust state court remedies. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).  A claim is not exhausted at the state level until it has been "fairly presented" to the highest state court. *Whitehead*, 157 F.3d at 387.  Federal courts should dismiss a habeas petition unless all claims have been exhausted in state court.  *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  This ensures that state courts have the first opportunity to review claims of constitutional error.

The petitioner has not provided the Court with any proof that he has exhausted his state remedies.  Furthermore, this Court has contacted the Louisiana Supreme Court and there is no record of the petitioner having filed post-conviction relief  regarding this new claim.  Therefore, once the petitioner has **timely** exhausted his state court remedies, petitioner may file a new

petition of habeas corpus in federal court regarding his claims asserted in the motion set forth

herein.  In the event a new petition is filed, the Court will address any timeliness issue in relation

to the petition at that time.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that petitioner's Motion for Prior Jail Credits In Compliance With

LSA-C.Cr.P. Art. 880 (Rec. Doc. 35 ) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Application For Writ of Mandamus

(Rec. Doc. 37)  is **DENIED** as **MOOT**.

New Orleans, Louisiana, this __3rd__ day of August, 2005.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**